IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-01959-PAB-MEH

BRANDON WILLIAMS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF TRANSPORTATION, a Governmental entity,
GARY KINISTON,[1]
KEN LONG,
WILLIAM HILL, and
JOHN DOES 1 THROUGH 5,

    Defendants.

---

# ORDER

---

This matter is before the Court on defendant Colorado Department of Transportation's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) ("CDOT Mot.") [Docket No. 11]. The motion is fully briefed and ripe for disposition. For the following reasons, the Court grants the motion.

## I. BACKGROUND

Plaintiff Brandon Williams began working for the Colorado Department of Transportation ("CDOT") on January 1, 2008. Plaintiff was responsible for inspecting and repairing state roadways. *See* Pl.'s Response [Docket No. 17] at 1. He was the

---

[1] In the caption of his complaint, plaintiff names "Gary Kiniston" as a defendant. Elsewhere in the complaint and in his response to the defendants' motion, *see* Pl.'s Response at 1, however, he identifies this defendant as "Gary Kinston." The Court will use the spelling in the caption of this order.

only African American who worked in his particular CDOT patrol group.  Plaintiff contends that his co-workers "subjected [him] to offensive jokes[,] slurs and racial epithets" and provides a specific example.  Compl. at 3, ¶13; *see id.* ("Plaintiff was treated differently from other employees by the supervisor [defendant Gary Kiniston] and other employees, including Defendant[s] Hill and Long.").

Plaintiff alleges that he "properly notified the [C]ivil [R]ights Department of CDOT and an investigation was commenced."  Compl. at 3, ¶ 15.  He thereafter served CDOT with a notice of intent to sue, as required by Colo. Rev. Stat. § 24-10-109.  Plaintiff filed suit in this Court on August 18, 2009.  The CDOT seeks to be dismissed from the action, arguing that this Court lacks subject matter jurisdiction over plaintiff's state law tort claims – the first and second claims for relief – because they are barred by the Colorado Governmental Immunity Act ("CGIA"), Colo. Rev. Stat. § 24-10-106(1), and the Eleventh Amendment to the United States Constitution.  The CDOT further argues that plaintiff's third claim for relief, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), must be dismissed due to plaintiff's failure to exhaust administrative remedies.

## II.  DISCUSSION

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint.  "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction."  *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).  Rule 12(b)(1) challenges are generally presented in one of two forms:

"[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)); *see Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) .

### A. State Law Tort Claims

Plaintiff's first claim for relief alleges outrageous conduct on the part of all defendants and his second claim for relief alleges negligent supervision on the part of the CDOT.[2] These claims are both state law tort claims. The CGIA provides that "[a] public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant . . . ." Colo. Rev. Stat. § 24-10-106(1). Plaintiff does not argue that his claim falls within one of the six exceptions to this immunity. *See* Colo. Rev. Stat. § 24-10-106(1)(a)-(h). Nor does he argue that the CDOT is something other than a "public entity" as defined by the statute. *See* Colo. Rev. Stat. § 24-10-103(5). The only basis he offers for avoiding the CGIA's bar to his state law tort claims is that "Congress has expressly abrogated state immunity for claims arising under federal laws enacted under the spending clause." Pl.'s Response [Docket No. 17] at 4 (emphasis removed). His first and second claim for relief, however, do not arise under federal law,

---

[2]The CDOT's arguments regarding the first and second claims for relief constitute facial attacks on the allegations of subject matter jurisdiction contained in the complaint. Accordingly, the Court "must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995).

3

but rather are – as plaintiff identifies them, see Pl.'s Response at 3 – state law tort claims. It is not clear what plaintiff means when he nevertheless contends that these claims are "couched in Title VII." Pl.'s Response at 4. He advances his third claim pursuant to Title VII, making no mention of a federal statutory basis for his first and second claims for relief. Moreover, for the reasons discussed below, any claim arising under Title VII is barred for failure to exhaust administrative remedies. In sum, plaintiff has failed to meet his "burden of proving that the court has subject matter jurisdiction to hear" his state law tort claims against the CDOT. *Tidwell ex. rel. Tidwell v. City and County of Denver*, 83 P.3d 75, 85 (Colo. 2003) ("[T]he issue of state immunity under the [C]GIA is a question of subject matter jurisdiction . . . ."). The Court, therefore, dismisses plaintiff's first and second claims for relief against defendant CDOT.[3]

## B. Title VII Claim

According to the CDOT, plaintiff "has never filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) or the Colorado Civil Rights Division with respect to any of his claims." CDOT Mot. at 7. In the Tenth Circuit, "[e]xhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII." *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996) (quoting *Sampson v. Civiletti*, 632 F.2d 860, 862 (10th Cir. 1980)); see *DeWalt v. Meredith Corp.*, 288 F. App'x 484, 490 (10th Cir. 2008) (unpublished) ("Failure to exhaust administrative

---

[3]Because plaintiff's state law tort claims are barred by the CGIA, the Court need not address the CDOT's argument that it is also entitled to Eleventh Amendment immunity from the claims.

remedies . . . is a jurisdictional bar to suit.").[4]  "[B]ecause failure to exhaust administrative remedies is a bar to subject matter jurisdiction, the burden is on the plaintiff as the party seeking federal jurisdiction to show, by competent evidence, that []he did exhaust."  *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

In response to defendant's motion, plaintiff represents that he attempted to exhaust with the EEOC, but was informed by the EEOC that he could not because he had filed a complaint with the CDOT.  Pl.'s Response at 2.  He does not explain, however, why he did not, or could not, file a Charge of Discrimination with the Colorado Civil Rights Division or the EEOC after the CDOT decided not to pursue his complaint.[5]  *Cf. id.*  Instead, he cites cases where courts addressed whether an agency action was "final," thus permitting judicial review.  *Id.* at 5-6.  He cites no relevant authority for the proposition that an internal complaint with the CDOT was sufficient to exhaust his administrative remedies.  Nor does plaintiff offer any argument that his interaction with

---

[4]*Cf. DeWalt*, 288 F. App'x at 490 (10th Cir. 2008) (unpublished) (noting that, while the failure to exhaust implicates the court's jurisdiction, the timeliness of exhaustion does not).

[5]Because the CDOT relies on a lack of evidence, rather than an insufficiency of plaintiff's complaint, the Court construes the CDOT's argument as an attack on the factual basis for this Court's subject matter jurisdiction over plaintiff's Title VII claim.  Thus, the Court "may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts."  *SK Finance SA v. La Plata County, Bd. of County Com'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997).  "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment in such circumstances."  *Id.*  Here, however, the CDOT addresses the lack of evidence and plaintiff presents none in response.  Plaintiff, through counsel, instead makes certain representations in his response to the CDOT's motion.  Even assuming the truth of those representations, however, plaintiff has not demonstrated he exhausted administrative remedies.

5

the EEOC was sufficient to constitute the filing of a charge. *Cf. Semsroth v. City of Wichita*, 304 F. App'x 707, 712-713 (10th Cir. 2008) (unpublished) (citing *Federal Express Corp. v. Holowecki*, --- U.S. ----, 128 S. Ct. 1147, 1157-58 (2008)). Moreover, plaintiff advances his claim pursuant only to Title VII, citing no other federal statutory basis for his third claim for relief. In the absence of any indication that plaintiff exhausted his administrative remedies, the Court dismisses plaintiff's Title VII claim against defendant CDOT for lack of subject matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Colorado Department of Transportation's motion to dismiss [Docket No. 11] is GRANTED. It is further

**ORDERED** that plaintiff's claims against defendant Colorado Department of Transportation are dismissed.

DATED May 4, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge